UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25cv20062

VICTOR KYRR,

Plaintiff,

v.

JENNIFER A. GARNER, PA and
JENNIFER A. GARNER,

Defendants.

______________________________________/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*. ("FCCPA").

**JURISDICTION & VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant wrongfully issued and served a Continuing Writ of Garnishment upon the Plaintiff's employer and made collection efforts in this District.

**PARTIES**

3. Plaintiff, Victor Kyrr, ("Kyrr"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, Jennifer A. Garner, P.A., ("Garner PA"), is a professional association organized under the laws of the State of Florida. Its principal place of business is at 2416 SR 54, Suite 105, Lutz, FL 33559.

5. Its registered agent for service of process is Jennifer A. Garner, 2416 SR 54, Suite 105, Lutz, FL 33559.

6. Garner PA regularly uses state courts, the mail and telephone in a business of which a significant portion is the collection of debts for others.

7. Garner, PA filed garnishment proceedings against the Plaintiff in Miami-Dade County, Florida

8. Garner PA is a "debt collector" as defined in the FDCPA.

9. Garner PA is a "debt collector" as defined by the FCCPA.

10. Defendant, Jennifer A. Garner ("Garner") is a member of the Florida Bar, is an officer of Defendant, Jennifer A. Garner, PA and directs the debt collection practices of Garner, PA including sending correspondence to consumers. Arlozynski v. Rubin & Debski, P.A., 710 F.Supp. 2d 1308, 1310 (M.D. Fla. 2010).

11. Defendant, Garner, is a debt collector as defined in the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

12. Defendants sought to collect from Plaintiff an alleged debt ("the debt") for a consumer debt.

13. The debt was for a personal, household, or family purpose.

14. First Funds, LLC ("First Funds") domesticated a New York judgment against Kyrr in Miami-Dade County, Florida in 2018.

15. First Funds is not licensed to collect debts in Florida.

16. In 2019, First Funds obtained a Continuing Writ of Garnishment against Kyrr.

17. Kyrr provided documentation that he was head of household because he provided more than half of the support for his mother.

18. In response, First Funds dismissed the Continuing Writ of Garnishment.

19. From July 2019 to the present, neither First Funds nor Defendants conducted any discovery to determine if Kyrr still supported his mother and was still head of household.

20. On May 17, 2024, Defendants, on behalf of First Funds, obtained a Continuing Writ of Garnishment, notwithstanding that Kyrr was still supporting his mother and still head of household.

21. Kyrr filed a Claim of Exemption claiming a head of household exemption and moved to dissolve the garnishment for failure to comply with the garnishment statutes.

22. Kyrr, through legal counsel, provided documents to Defendants showing that Kyrr was supporting his elderly mother and was still head of household.

23. Notwithstanding this, Defendants refused to dissolve the garnishment.

24. Defendants also failed to comply with Fla. Stat. §§77.041 and 77.055 by failing to timely serve the garnishment notices as required by Florida law.

25. On September 12, 2024, the state court dissolved the Continuing Writ of Garnishment because Defendants failed to comply with Florida law. A copy of the Order Dissolving Garnishment is attached as Exhibit "A."

26. Despite having evidence that showed that Kyrr was head of household, Defendants again obtained a Continuing Writ of Garnishment on September 19, 2024. This garnishment was dissolved by Defendants because Kyrr had changed jobs.

27. On December 2, 2024, Defendants, again with the knowledge that Kyrr was head of household, sought another Continuing Writ of Garnishment.

28. Defendants have repeatedly attempted to garnish Kyrr's wages when he was clearly exempt by reason of a head of household exemption.

29. Defendants also sought garnishment costs that were not awarded. No garnishment costs, as of August 1, 2024, were awarded. A copy of a Payoff Letter is attached as Exhibit "B."

30. Defendants acted in malice to harass and pressure Kyrr into paying a debt when Defendants knew he was exempt in an effort to financially benefit themselves.

31. Plaintiff suffered damages as a result of Defendants' improper actions including incurring attorney's fees for having to repeatedly defend against garnishments and seeks statutory, compensatory and punitive damages.

## COUNT I
## ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

32. Plaintiff incorporates Paragraphs 1 through 31.

33. Defendants alleged that Kyrr owed more than the actual amount owed in violation of 15 U.S.C. §1692e(2)(a). *See* Exhibit "B."

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II**
**CONTINUING TO GARNISH PLAINTIFF'S**
**WAGES IN VIOLATION OF 15 U.S.C §1692f**

34. Plaintiff incorporates Paragraphs 1 through 31.

35. Defendants caused Plaintiff's much needed funds to be held for a significant period of time after its Continuing Writ of Garnishment became invalid in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT III**
**CONTINUING TO GARNISH PLAINTIFF'S**
**WAGES IN VIOLATION OF 15 U.S.C §1692f**

36. Plaintiff incorporates Paragraphs 1 through 31.

37. Defendants has and continues to garnish Plaintiff's wages notwithstanding that evidence has been provided showing that Plaintiff provides more than one-half the support for his elderly mother violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper

**COUNT IV**
**WRONGFUL GARNISHMENT**

38. Plaintiff incorporates Paragraphs 1 through 31.

39. Defendants garnished or attempted to garnish Plaintiff's wages on three separate occasions when they knew or should have known that Kyrr was head of household. Defendants had documentation in their possession showing that Kyrr provided more than half the support for his elderly mother but chose to repeatedly ignore that evidence.

40. Defendants knowingly caused Plaintiff mental pain and anguish by attempting to improperly garnish Plaintiff's wages when he was head of household.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendants for:

a. Actual and punitive damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper

**JURY DEMAND**

Plaintiff demands trial by jury.

*/s Joel D. Lucoff* ___________
Joel D. Lucoff
Fla. Bar No. 192163
Debt Shield Law
3440 Hollywood Blvd., Suite 415
Hollywood, FL33021
754-800-5299
service@debtshieldlaw.com
joel@debtshieldlaw.com
dayami@debtshieldlaw.com